IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gloria C.L. Jones<br><br>Plaintiff,<br><br>vs.<br><br>FLORENCE SCHOOL DISTRICT ONE; RICHARD O'MALLEY, in his official capacity; BRIAN DENNY, in his individual capacity; TIFFANY MATTHEWS, in her individual capacity; AMY SANSBURY, in her individual capacity; and JOHN/JANE DOES 1–10, in their individual capacities, Defendants.<br><br>Defendants. | Complaint<br>Civil Action Nos. |

Plaintiff Gloria C.L. Jones, by and through undersigned counsel, alleges as follows:

## I. Nature of the Action

1. This is a civil rights retaliation action arising from Defendants' treatment of Plaintiff after she advocated for students with disabilities, assisted parents in special education matters, filed grievances and complaints, objected to alleged violations of federal disability law, and attempted to participate in school meetings at the request and with the consent of parents.

2. Plaintiff is the parent of a child with a disability and is also an educational advocate who assists families in matters involving the Individuals with Disabilities Education Act,

Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and related student-rights protections.

3. During the actionable limitations period, Defendants restricted Plaintiff's access to school property, excluded her from meetings, silenced her during meetings, refused to honor parental authorizations permitting her participation, accused her of improper conduct, and removed or threatened to remove her from school property.

4. This action does not ask the Court to determine whether any particular student was denied a free appropriate public education. Plaintiff's claims focus on Defendants' retaliation against Plaintiff for protected advocacy and speech, and on the ongoing access restrictions that prevent Plaintiff from participating when she is lawfully authorized to do so.

5. Earlier events are alleged as background and context showing Defendants' knowledge, motive, and course of dealing. Plaintiff seeks damages and other relief only for actionable conduct occurring within the applicable limitations period, except to the extent any earlier conduct is independently actionable under a continuing-violation, tolling, or other applicable doctrine.

6. Defendants' conduct chilled Plaintiff's protected speech and advocacy, interfered with her ability to assist parents who requested her help, damaged her reputation, caused emotional distress, and impaired her ability to participate in matters involving her own child and students whose parents authorized her involvement.

7. Plaintiff seeks compensatory damages, punitive damages where legally available, nominal damages where appropriate, declaratory relief, injunctive relief, attorney's fees, costs, and all other relief the Court deems just and proper.

## II. Jurisdiction and Venue

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act.
9. This Court has jurisdiction over Plaintiff's civil rights claims under 28 U.S.C. § 1343.
10. This Court has authority to award declaratory relief under 28 U.S.C. §§ 2201 and 2202.
11. Venue is proper in the District of South Carolina under 28 U.S.C. § 1391 because Defendants reside in this District and the events giving rise to these claims occurred in Florence County, South Carolina.

## III. Parties

12. Plaintiff Gloria C.L. Jones is a resident of Florence County, South Carolina. She is the parent of a child with a disability and has advocated for students with disabilities and their families in Florence School District One.
13. Defendant Florence School District One is a public school district located in Florence County, South Carolina. At all relevant times, the District received federal financial assistance and was subject to Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act.
14. Defendant Richard O'Malley was, at all relevant times, Superintendent of Florence School District One. He is sued in his official capacity for prospective declaratory and injunctive relief because he has authority, directly or through District personnel, to address access restrictions, meeting-access rules, and ongoing retaliation within the District.

15. Defendant Brian Denny was, at all relevant times, Assistant Superintendent of Florence School District One. He is sued in his individual capacity for damages to the extent discovery confirms his personal involvement in the retaliatory conduct alleged herein.
16. Defendant Tiffany Matthews was, at all relevant times, a principal or school administrator within Florence School District One. She is sued in her individual capacity for damages to the extent discovery confirms her personal involvement in the retaliatory conduct alleged herein.
17. Defendant Amy Sansbury was, at all relevant times, an LEA representative, District official, or special education administrator involved in meetings and decisions affecting Plaintiff's access and participation. She is sued in her individual capacity for damages to the extent discovery confirms her personal involvement in the retaliatory conduct alleged herein.
18. Defendants John/Jane Does 1–10 are District employees, administrators, officers, or agents whose identities are not yet fully known and who personally participated in the conduct alleged herein.
19. At all relevant times, the individual Defendants acted under color of state law.

## IV. Limitations Period

20. Plaintiff files this action in 2026. Plaintiff pleads events from 2021 through 2023 only as background and context showing Defendants' knowledge of Plaintiff's advocacy, Defendants' awareness of parental authorizations, Defendants' retaliatory motive, and the reason later conduct in 2024, 2025, and 2026 was retaliatory and unlawful.

21. Plaintiff does not seek damages for discrete acts occurring outside the applicable limitations period unless such acts are determined to be independently actionable under a continuing-violation, tolling, equitable-estoppel, or other applicable doctrine.

22. Plaintiff's claims for damages and injunctive relief are based on conduct within the applicable limitations period, including Defendants' 2024, 2025, and 2026 acts of exclusion, access restriction, retaliation, interference, and differential treatment.

## V. Factual Allegations

### A. Plaintiff's Protected Advocacy

23. Plaintiff has engaged in protected advocacy concerning the educational rights of students with disabilities, including advocating for a free appropriate public education, assisting parents during IEP and related meetings, objecting to alleged disability-based discrimination, filing or assisting with grievances and complaints, and requesting records or information with parental consent.

24. Parents requested Plaintiff's assistance because of her knowledge of special education procedures, IEP meetings, parental participation rights, disability-related accommodations, and the rights of parents to meaningfully participate in educational decision-making.

25. On multiple occasions, parents authorized Plaintiff to attend meetings, receive or review educational records, assist with communications, and speak or participate during school meetings.

26. Defendants knew Plaintiff was engaged in protected advocacy and knew that parents had requested and authorized her involvement.

27. Plaintiff's advocacy included speech on matters of public concern, including the rights of students with disabilities, the District's treatment of parents and advocates, compliance with federal disability laws, and equal access to school meetings and facilities.

**B. Background Conduct Before the Actionable Limitations Period**

28. Beginning no later than the 2021–2022 school year, District personnel began questioning Plaintiff's role as an advocate and objecting to her participation in school meetings.
29. During the 2022–2023 school year, Plaintiff filed grievances and complaints alleging retaliation, discrimination, and interference with advocacy. After those complaints, District personnel increasingly restricted Plaintiff's participation, instructed her to communicate only through parents, silenced her during meetings, and excluded her from discussions despite parental consent.
30. In or around 2023, Plaintiff filed additional grievances after being denied the ability to speak or participate as an advocate in meetings. District personnel nevertheless continued limiting her participation.
31. The allegations in Paragraphs 28 through 30 are pleaded as background and context only, including to show notice, knowledge, motive, and intent. Plaintiff does not seek damages for discrete acts occurring outside the applicable limitations period except to the extent permitted by law.

**C. Actionable Conduct in 2024**

32. By 2024, Defendants were aware that Plaintiff had engaged in protected activity, including advocacy for students with disabilities, participation in IEP-related matters at

parents' request, grievances or complaints concerning retaliation and discrimination, and objections to alleged violations of disability-rights laws.

33. In or around 2024, Defendants issued, enforced, renewed, or relied on a no-trespass or access-restriction notice against Plaintiff.

34. The access restriction interfered with Plaintiff's ability to attend school meetings, hearings, conferences, and other activities when parents requested her presence.

35. Defendants refused to allow Plaintiff to attend certain meetings or proceedings in person despite parental requests and authorizations.

36. Defendants denied Plaintiff access to school facilities and educational meetings even when Plaintiff was present as a parent, caregiver, invited advocate, or authorized participant.

37. District officials made or repeated statements questioning Plaintiff's credibility, motives, and conduct, including accusations that Plaintiff interfered with parental decision-making or instructed parents not to sign documents.

38. Defendants' 2024 restrictions were imposed after Plaintiff engaged in protected advocacy and after Plaintiff complained about retaliation, discrimination, and disability-rights violations.

**D. Actionable Conduct in 2025**

39. In or around 2025, Plaintiff was denied access to Compass Academy while other persons, including other family members, advocates, or participants, were allowed access.

40. In or around 2025, Plaintiff was excluded from parent conferences, IEP meetings, or related proceedings, or was treated differently from other participants in those meetings.

41. In or around 2025, parents requested Plaintiff's presence at meetings and proceedings, but Defendants refused to allow Plaintiff to participate in the same manner as other invited participants.

42. Plaintiff filed grievances alleging retaliation, discrimination, IDEA-related participation concerns, records-access issues, Section 504 violations, and ADA violations.

43. Plaintiff submitted requests for records concerning retaliation, access restrictions, and Defendants' treatment of her and families who requested her assistance.

44. Defendants failed to provide records or information despite parental authorizations and failed to meaningfully remedy the retaliation and exclusion Plaintiff reported.

45. Defendants' 2025 conduct would deter a person of ordinary firmness from continuing to engage in disability-rights advocacy and protected complaints.

**E. Actionable Conduct in 2026**

46. In or around 2026, Plaintiff was removed from a school building after an IEP meeting despite acting appropriately and despite being present in connection with a parent's request for assistance.

47. Defendants falsely accused Plaintiff of interfering with parents' decisions during meetings or otherwise acting improperly.

48. Defendants continued to enforce access restrictions, limitations, or differential rules against Plaintiff even when parents requested her assistance and even when other participants were permitted access or participation.

49. Defendants' 2026 conduct was retaliatory because it followed and was caused by Plaintiff's protected advocacy, complaints, grievances, and objections to disability-rights violations.

**F. Ongoing Harm and Need for Prospective Relief**

50. Plaintiff continues to face ongoing access restrictions, exclusion, or threatened exclusion from District property and meetings when she is a parent, caregiver, invited advocate, or authorized participant.
51. Parents continue to request, or are likely to request, Plaintiff's assistance in educational meetings and disability-related matters within the District.
52. Unless enjoined, Defendants are likely to continue retaliating against Plaintiff, enforcing access restrictions against her, refusing to honor lawful parental authorizations, and applying non-neutral rules to her participation.
53. As a direct and proximate result of Defendants' conduct, Plaintiff suffered emotional distress, anxiety, humiliation, reputational harm, interference with advocacy work, and loss of access to school meetings and facilities.
54. Defendants' conduct chilled Plaintiff's protected speech and advocacy and deterred her ability to assist parents who requested her help.
55. Defendants' conduct impaired Plaintiff's ability to participate in matters involving her own child and students whose parents had authorized her participation.

## First Cause of Action
## Retaliation Under Section 504 of the Rehabilitation Act and the ADA
### Against Florence School District One

56. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
57. Plaintiff engaged in protected activity under Section 504 and the ADA by advocating for students with disabilities, assisting parents in disability-related educational matters, objecting to alleged disability discrimination, filing grievances and complaints,

requesting disability-related accommodations or participation rights, and opposing practices she reasonably believed violated federal disability laws.

58. Florence School District One knew Plaintiff engaged in protected activity.

59. Florence School District One subjected Plaintiff to adverse actions, including access restrictions, exclusion from school property, exclusion from meetings, refusal to honor parental authorizations, false accusations, differential treatment, and removal from school premises.

60. The adverse actions were materially adverse and would dissuade a reasonable person from engaging in protected disability-rights advocacy.

61. Florence School District One acted because of Plaintiff's protected activity, as shown by the timing of the restrictions, District personnel's knowledge of Plaintiff's advocacy, District personnel's repeated objections to Plaintiff's role, and the continued enforcement of restrictions after Plaintiff complained about retaliation and discrimination.

62. Florence School District One receives federal financial assistance and is subject to Section 504. The District is also a public entity subject to Title II of the ADA.

63. Florence School District One's retaliation violated Section 504 and the ADA.

64. Plaintiff suffered damages and remains at risk of future retaliation absent injunctive relief.

## Second Cause of Action
## First Amendment Retaliation Under 42 U.S.C. § 1983
### Against Defendants Denny, Matthews, Sansbury, and John/Jane Does 1–10 in Their Individual Capacities, and Against Defendant O'Malley in His Official Capacity for Prospective Relief

65. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

66. Plaintiff engaged in speech and petitioning activity protected by the First Amendment, including advocating for students with disabilities, assisting parents in asserting educational rights, filing grievances and complaints, objecting to alleged legal violations, requesting records and information, and speaking on issues involving the treatment of students with disabilities.

67. Plaintiff's speech and advocacy concerned matters of public concern, including compliance with federal disability laws, the treatment of students with disabilities, parental participation in school decision-making, and retaliation against advocates.

68. Defendants Denny, Matthews, Sansbury, and John/Jane Does 1–10, to the extent discovery confirms their personal involvement, took or participated in adverse actions against Plaintiff, including excluding her from meetings, restricting her access to school property, refusing to honor parental authorizations, accusing her of improper conduct, removing her from school premises, or causing such actions to be taken.

69. Defendants' actions would chill or deter a person of ordinary firmness from continuing to engage in protected speech and petitioning activity.

70. Plaintiff's protected speech and advocacy were a substantial or motivating factor in Defendants' adverse actions.

71. Defendants acted under color of state law.

72. Defendants' conduct violated Plaintiff's rights under the First Amendment to the United States Constitution.

73. Plaintiff is entitled to damages against the individual Defendants to the extent permitted by law.

74. Plaintiff is also entitled to prospective declaratory and injunctive relief against Defendant O'Malley in his official capacity to stop ongoing retaliation, access restrictions, and exclusion from meetings or school property when Plaintiff is lawfully authorized to attend or participate.

## VII. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants and award the following relief:

A. A declaration that Florence School District One retaliated against Plaintiff in violation of Section 504 and the ADA;

B. A declaration that the individual Defendants personally involved in the conduct alleged herein retaliated against Plaintiff in violation of the First Amendment;

C. A preliminary and permanent injunction prohibiting Defendants from retaliating against Plaintiff for protected advocacy, grievances, complaints, or participation in disability-rights matters;

D. A preliminary and permanent injunction requiring Defendant O'Malley, in his official capacity, to apply neutral, lawful, and nonretaliatory rules concerning Plaintiff's access to school

property, meetings, conferences, hearings, and IEP-related proceedings when she is a parent, caregiver, invited advocate, or authorized participant;

E. A preliminary and permanent injunction requiring Defendant O'Malley, in his official capacity, to honor lawful parental authorizations allowing Plaintiff to assist, attend, speak, or participate in educational meetings to the extent permitted by law;

F. Compensatory damages in an amount to be determined by the jury;

G. Punitive damages against individual Defendants where permitted by law;

H. Nominal damages for constitutional violations where appropriate;

I. Attorney's fees and costs under 42 U.S.C. § 1988, the ADA, Section 504, and any other applicable fee-shifting provision;

J. Prejudgment and post-judgment interest as allowed by law; and

K. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

S/Reagan Singletary
Reagan Singletary, Esquire
THE SINGLETARY GROUP, LLC
297 South Metts Street
St. George, SC 29477
Phone: 803-552-6957
reagan@thesingletarygroup.com
Attorney for Plaintiff

June 1, 2026
St. George, South Carolina